**Jeff SCHERMERHORN and Perry Schermerhorn, Respondents,**

v.

**B.H. HOILAND, etc., et al., Defendants,**

**Raymond Johnson, Appellant.**

**No. C2–82–1509.**

Supreme Court of Minnesota.

Aug. 26, 1983.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Fargo, N.D., for appellant.

R.W. Irvine, Irvine, Ramstad, Quam & Briggs, Detroit Lakes, for respondents.

SIMONETT, Justice.

A North Dakota resident appeals from the order of the District Court of Becker County denying his motion to dismiss a Minnesota personal injury action against him for lack of personal jurisdiction. We affirm.

Plaintiffs Jeff and Perry Schermerhorn allege in their complaint that they are residents of Becker County, Minnesota; that pursuant to negotiations begun in Becker County, they purchased an airplane from defendants Raymond Johnson and Loren Nogosek, the owners of the plane, relying

on representations by both defendants that the airplane was airworthy; that the plane was purchased on August 30, 1979, and crashed in Becker County on September 5, 1979, injuring both plaintiffs. The complaint further alleges that defendant Raymond Johnson is a resident of North Dakota and that defendant Loren Nogosek "formerly lived in Detroit Lakes, MN but is now a resident of Stanley, North Dakota." Several other defendants, all Minnesota residents, were also sued.

Defendant-appellant Raymond Johnson moved to dismiss the complaint against him for lack of personal jurisdiction. Johnson filed his affidavit stating that he never had any contact with plaintiffs in Minnesota in connection with the sale. He admitted his name appeared in the title certificate for the airplane as a co-owner with Loren Nogosek, but denied any ownership interest in the plane. He said his name on the title certificate reflected "a mortgage on the airplane"; that as a favor to Nogosek he showed the plane to plaintiffs in North Dakota; that the sale took place in North Dakota; and that he, Johnson, "was not personally or financially involved in the sale of the aircraft."

The trial court denied the motion to dismiss, stating in its memorandum, "[t]hat if the plaintiffs do prove their allegations, the same would show the commitment of an act outside the State of Minnesota causing injury or property damage in Minnesota." The court further reasoned that Minnesota has a substantial interest in providing a forum for all the parties, and that, since defendant Johnson lives only 150 miles from Detroit Lakes, the burden of having him attend trial in Becker County is slight.

Defendant-appellant Johnson contends that the trial court simply applied the literal language of our long arm statute, Minn. Stat. § 543.19 (1982), and failed to consider the constitutional requirement that the nonresident have "minimum contacts" with the forum state before long arm jurisdiction may be imposed. In other words, the issue presented here is whether plaintiffs have made a showing of sufficient minimum con-

tacts so that our long arm statute may be applied to defendant-appellant Johnson.

Appellant argues that the trial court's ruling mentions no contacts and that, in fact, he had no contacts with Minnesota. There is no need here to discuss again the implications of *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 580, 62 L.Ed.2d 490 (1980), as we have already done this in *Dent-Air, Inc. v. Beech Mountain Air Service, Inc.,* 332 N.W.2d 904 (Minn.1983), and most recently in *West American Insurance Co. v. Westin, Inc.,* 337 N.W.2d 676 (Minn.1983). It is enough to note, as appellant argues here, that Minnesota's interest in providing a forum is not a "contact" which establishes personal jurisdiction, nor is trial convenience, nor is the "foreseeability" that the airplane is likely to find its way into Minnesota.

Having said this, we nevertheless hold that, in the present posture of this case, defendant-appellant Johnson has the requisite "minimum contacts" with Minnesota to afford personal jurisdiction over him under our long arm statute.

"It is clear that in reviewing the granting of motions [to dismiss] founded upon Rule 12(b), Federal Rules of Civil Procedure, the model for our Rule 12.02, allegations in the complaint must be taken as true." *Hunt v. Nevada State Bank,* 285 Minn. 77, 82, 172 N.W.2d 292, 296 (1969); *see also Marquette National Bank of Minneapolis v. Norris,* 270 N.W.2d 290 (Minn. 1978). In other words, at this juncture, we take as true that defendant Raymond Johnson was a co-owner of the plane with defendant Loren Nogosek, who at relevant times was a Minnesota resident, and that the negotiations for the sale of the airplane to Minnesota plaintiffs were initiated by defendant Johnson's co-owner in Minnesota. This case is unlike the car dealer in *World-Wide Volkswagen* who indiscriminately sells cars that are likely to find their way to any place in the country. Here the plaintiffs have alleged facts that, if true, show that defendant Johnson purposely availed himself, through his co-owner, of the privi-

lege of conducting activities within Minnesota. It may be that at trial plaintiffs will not be able to prove their allegations of the requisite minimal contacts with Minnesota, but they must be given that opportunity; the trial court was correct in denying the motion to dismiss.

Affirmed.